[No. 909-3.    Division Three.    March 7, 1974.]

RICHARD K. MILLER, *Petitioner,* v. CHARLES R. MORRIS, *Respondent.*

*Richard Emery* of *Legal Services Center* (Seattle), for petitioner.

*Slade Gorton, Attorney General,* and *Thomas A. Prediletto, Assistant,* for respondent.

PER CURIAM.—By this writ of habeas corpus petitioner contends he is being illegally incarcerated pursuant to a judgment and sentence dated August 27, 1971. He was convicted after pleading guilty to assault in the second degree. Petitioner asserts that at the time of entering his guilty plea he was not informed of the consequences of that plea. Particularly, petitioner asserts: (a) he was never made aware that he was pleading guilty to a felony, carrying

with it a maximum sentence of 10 years; (b) he was not informed that, because of a prior felony conviction, and, because he was armed with a deadly weapon, he would be sentenced to a minimum term of 7½ years by the Department of Social and Health Services, pursuant to RCW 9.95.040 (2).

This court ordered an evidentiary hearing, pursuant to CAROA 56 (k), to determine whether petitioner's plea of guilty was freely, unequivocally, intelligently, and understandably made in open court with full knowledge of his legal and constitutional rights and of the consequences of the act. The superior court complied with that order and entered findings of fact upon the questions presented. Those findings of fact were filed in this court on January 17, 1974. This court considered the issues presented pursuant to CAROA 56 (i) (2) on February 8, 1974.

Our review of those findings of fact indicates that petitioner's plea of guilty was made voluntarily and unequivocally, with knowledge of its consequences, including knowledge that he was pleading guilty to the felony of second-degree assault and knowledge that there had been no reduction of the 10-year maximum sentence. *Woods v. Rhay,* 68 Wn.2d 601, 414 P.2d 601 (1966); *Miesbauer v. Rhay,* 79 Wn.2d 505, 487 P.2d 1046 (1971). There is substantial evidence to support those findings. While the record made at the time petitioner entered a guilty plea is not precisely pursuant to *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), we are convinced from the total record that petitioner sincerely desired to plead guilty.

However, the findings of fact verify petitioner was not informed, at the time of entry of the guilty plea, of any existing mandatory minimum sentence. Furthermore, the findings of fact indicate that, on September 30, 1971, the trial judge, out of the presence of either defendant's or state's counsel, and without notice to either of them, filed a "Statement of Sentencing Court Regarding Whether the Defendant was armed with a deadly weapon at the time of the Commission of the Crime of Second Degree Assault for

which the Defendant was sentenced on August 27, 1971." If a defendant is to be given a minimum sentence based upon a finding that he was armed with a "deadly weapon," an allegation to that effect must be contained in the information in order to put the defendant upon notice that he was subjecting himself to a possible mandatory minimum sentence. *State v. Mims,* 9 Wn. App. 213, 511 P.2d 1383 (1973). RCW 9.95.015. There was no such specific allegation in the information charging petitioner with second-degree assault.

Also, RCW 9.95.015 requires that the court make a finding of fact of whether the accused was armed with a deadly weapon as defined by RCW 9.95.040 at the time of the commission of the crime. No such specific finding was entered in this case.

Consequently, the mandatory minimum sentence of 7½ years entered under RCW 9.95.040(2) was improper. This result conforms to the spirit of *Boykin v. Alabama, supra,* and *State v. White,* 5 Wn. App. 615, 489 P.2d 934 (1971). The mandatory minimum sentence is hereby vacated. The board of prison terms and paroles is ordered to reset petitioner's minimum sentence without reference to RCW 9.95.040(2).

Petition is denied.