[No. 7426–1–I.   Division One.   June 23, 1980.]

*In the Matter of the Personal Restraint of*
EDDIE JOE BUSH, *Petitioner.*

*Wayne Lieb* and *Sally Harrison* of *Institutional Legal Services,* and *Dan Stormer* of *Spokane Legal Services Center,* for petitioner.

*Slade Gorton, Attorney General, Stephen J. Hosch* and *Nate D. Mannakee, Assistants, Norm Maleng, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for respondent.

RINGOLD, J.—Eddie Joe Bush seeks review by personal restraint petition of a decision of the Board of Prison Terms and Paroles (Parole Board) setting a 7 1/2–year mandatory minimum term of confinement pursuant to RCW 9.95.040(2).

Bush was charged by information with having committed the crime of robbery while armed with a deadly weapon as defined in RCW 9.95.040 and a firearm pursuant to RCW 9.41.025. He was found guilty following a trial to the court with special findings that he was armed with a deadly weapon and firearm. The trial court also determined

[t]hat no evidence of prior crimes of violence as defined in RCW 9.41.010 and implied in RCW 9.41.025, was offered or admitted in this case; nor was there any evidence of crimes defined by RCW 9.95.040.

Conclusion of law No. 5. Bush was sentenced to imprisonment under the jurisdiction and supervision of the Department of Social and Health Services for a maximum term of 20 years.

The Parole Board set a minimum term of confinement of 7 1/2 years, stating:

Board Decision: The panel has met with him today to set a minimum term on King County Cause # 77100. This term will be 7- 1/2 years (all of which are mandatory).

Reasons for Decision: Mr. Bush has a very pleasant manner, however, we felt that he did rationalize the seriousness of his behavior. Because of his past record of being armed, we feel that he is a threat to society, and therefore, the minimum term.

While the precise basis of the Parole Board's decision is not clear, the parties agreed during oral argument that the Parole Board was proceeding under the mandatory sentencing provisions of RCW 9.95.040(2), which places the following limitation on it:

For a person previously convicted of a felony either in this state or elsewhere and who was armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than seven and one–half years.

The Parole Board considered the statements from the sentencing judge and prosecutor, and based upon an FBI "rap sheet" determined that Bush had been convicted previously in the state of California of possession of marijuana for sale in 1968, assault with a deadly weapon in 1969, and felon in

possession of a gun in 1971. Because Bush had been convicted previously and there was a special finding pursuant to RCW 9.95.015 that during the commission of the robbery he was armed with a deadly weapon, the Parole Board set a mandatory minimum term of 7 1/2 years.

### Due Process Requirements Under RCW 9.95.040(2)

In his personal restraint petition, Bush contends that the setting of the mandatory minimum term of 7 1/2 years was a violation of due process. He argues that due process requires that: (1) the information allege he was armed with a deadly weapon *and* he had been previously convicted of a felony before the State can rely on RCW 9.95.040(2); (2) the information be separate from that charging the underlying offense and not be presented to the jury during a trial on the underlying offense; (3) he receive a jury trial on all issues concerning whether he was armed with a deadly weapon and was previously convicted of a felony; (4) the State prove beyond a reasonable doubt that (a) the previous felony conviction based upon a plea of guilty was voluntary, and (b) he is the person who committed the previous felony; and (5) he be afforded counsel, the rights to subpoena and cross–examine witnesses and discover evidence. In summary, Bush argues that due process requires that he be given all procedural rights afforded a defendant in a habitual criminal proceeding and criminal prosecution before the Parole Board can set a mandatory minimum term of 7 1/2 years.[1]

---

[1]Bush makes similar contentions concerning RCW 9.41.025(2), which provides:

Any person who shall commit or attempt to commit any felony, or any misdemeanor or gross misdemeanor categorized herein as inherently dangerous, while armed with, or in the possession of any firearm, shall upon conviction, in addition to the penalty provided by statute for the crime committed without use or possession of a firearm, be imprisoned as herein provided:

. . .

(2) For a second offense, or if, in the case of a first conviction of violation of any provision of this section, the offender shall previously have been convicted of violation of the laws of the United States or of any other state, territory or district relating to the use or possession of a firearm while committing or attempting to commit a crime, the offender shall be guilty of a felony and shall

Bush relies upon the general rule stated in *State v. Cosner*, 85 Wn.2d 45, 50, 530 P.2d 317 (1975):

> The appellate courts of this state have held that when the State seeks to rely upon either RCW 9.41.025 or RCW 9.95.040, or both, due process of law requires that the information contain specific allegations to that effect, thus putting the accused person upon notice that enhanced consequences will flow with a conviction. *State v. Frazier*, 81 Wn.2d 628, 503 P.2d 1073 (1972); *State v. Pringle*, 83 Wn.2d 188, 517 P.2d 192 (1973); *State v. Mims*, 9 Wn. App. 213, 511 P.2d 1383 (1973); *Miller v. Morris*, 10 Wn. App. 694, 519 P.2d 1314 (1974); *State v. Smith*, 11 Wn. App. 216, 521 P.2d 1197 (1974). Failure of the State to so allege precludes reliance upon the statutes by the trial court or the Board of Prison Terms and Paroles.

*Accord, State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978); *State v. Tuttle*, 26 Wn. App. 382, 612 P.2d 823 (1980). Our analysis of the holding and application of this rule starts with *State ex rel. Alldis v. Board of Prison Terms and Paroles*, 56 Wn.2d 412, 353 P.2d 412 (1960), where the court held that the failure to allege in the information that the defendant was armed with a deadly weapon did not preclude the Parole Board from setting a mandatory 5–year term pursuant to RCW 9.95.040(1) based upon its independent investigation. Subsequent to *Alldis*, the legislature amended RCW 9.95 by adding RCW 9.95-.015, which provides:

> In every criminal case wherein conviction would require the board of prison terms and paroles to determine the duration of confinement and wherein there has

be imprisoned for not less than seven and one–half years, which sentence shall not be suspended or deferred;

This statute is directed to the trial court in imposing sentence, while RCW 9.95.040 restricts the Parole Board in setting a minimum term. *State v. Hattori*, 19 Wn. App. 74, 573 P.2d 829 (1978). The record indicates that the State did not rely on RCW 9.41.025(2), and the trial court expressly disregarded it in imposing sentence. Bush's personal restraint petition raises due process issues as to the setting of a mandatory minimum term of confinement by the Parole Board under RCW 9.95.040(2). We do not consider Bush's arguments relating to the applicability of RCW 9.41.025(2).

been an allegation and evidence establishing that the accused was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused was armed with a deadly weapon, as defined by RCW 9.95.040, at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find the defendant guilty, also find a special verdict as to whether or not the defendant was armed with a deadly weapon, as defined in RCW 9.95.040, at the time of the commission of the crime.

In *State v. Coma,* 69 Wn.2d 177, 417 P.2d 853 (1966), the court stated that this statute may be read in two ways: either as an exclusive formula of the method of ascertaining the facts or as a further aid to the Parole Board and further gloss on *Alldis.* The court ascertained the legislative intent and held that the Board was not entitled to make an independent finding as to whether the defendant was armed with a deadly weapon at the time of the commission of the offense, and that "the Board is not *required* to impose the mandatory minimum sentence in the absence of a specific finding by the trial judge or a special verdict by the jury." *State v. Coma, supra* at 186. After *Coma* it was clear that the Parole Board could not make an independent factual determination as to whether the defendant was armed with a deadly weapon at the time of the commission of the offense for purposes of RCW 9.95.040 as had been held to be constitutional in *Alldis.*

In *State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972), the court further restricted the application of *Alldis.* In *Frazier,* the trier of fact returned a special verdict that at the time of the commission of second–degree assault, Frazier was armed with a deadly weapon. She was thereafter sentenced under RCW 9.41.025 to a mandatory 5 years. In remanding for resentencing, the Supreme Court held that because the information did not allege Frazier was subject to the added penalty under RCW 9.41.025(1), it was a violation of due process to impose the enhanced penalty. The court distinguished *Alldis,* stating that:

Different considerations affecting due process may be present when courts deal with actions of a parole board where defendant has already been convicted and sentenced to the custody of the appropriate state agency as distinguished from those matters which occurred prior to the imposition and execution of trial, judgment and sentence. . . .

In this case we are dealing with a factual determination which, if determined adversely to the appellant, irrevocably forbids the *court* from exercising its independent judgment concerning whether the appellant is to receive a deferred or suspended sentence. . . . This determination is all made prior to the imposition of final judgment and sentence. *Procedural due process of the highest standard must, therefore, be afforded the appellant.*

(Footnote omitted. Italics ours.) *State v. Frazier, supra* at 633–34. The court held that due process requires the State to allege and prove that the defendant was armed with a firearm before the enhanced penalties of RCW 9.41.025 could be applied, stating:

Where a factor aggravates an offense and causes the defendant to be subject to a greater punishment than would otherwise be imposed, due process requires that the issue of whether that factor is present, must be presented to the jury upon proper allegations and a verdict thereon rendered before the court can impose the harsher penalty.

*State v. Frazier, supra* at 633.

The rule as stated in *Frazier* is nearly verbatim from *State v. Nass,* 76 Wn.2d 368, 456 P.2d 347 (1969), where the court held that an enhanced punishment could not be imposed by the trial court because the defendant sold a narcotic drug to a minor when the State did not allege and prove the enhancement factor.

The cases decided after *Frazier* and *Nass* and relied upon in *State v. Cosner, supra,* have consistently applied the rule that due process requires enhancement factors to be properly pleaded and proven. In *State v. Smith,* 11 Wn. App. 216, 521 P.2d 1197 (1974), the court held that since

the information did not allege the defendant was armed with a firearm under RCW 9.41.025 or a deadly weapon under RCW 9.95.040(1), the State could not rely upon these statutes in sentencing or in seeking a mandatory minimum. In *State v. Mims,* 9 Wn. App. 213, 511 P.2d 1383 (1973), the court held that it was a violation of due process to submit to the jury the issue of whether the defendant was armed with a deadly weapon when no allegation was contained in the information. In *Miller v. Morris,* 10 Wn. App. 694, 519 P.2d 1314 (1974), the court vacated a mandatory minimum term imposed by the Parole Board pursuant to RCW 9.95.040(2) in part because the information did not allege the defendant was armed with a deadly weapon.

In analyzing these cases, we conclude that they are consistent with the distinction relied upon in *Frazier* between due process that must be afforded in a criminal prosecution and that which must be afforded after sentencing. All of the cases were decided after the adoption of RCW 9.95.015, which legislatively mandates that the issue of whether the defendant was armed with a deadly weapon at the time of the commission of the offense be submitted to the trier of fact before the Parole Board may impose a mandatory minimum term of confinement. *State v. Coma, supra.* By adopting RCW 9.95.015 and requiring the trier of fact to resolve the issue of whether the defendant was armed with a deadly weapon, the legislature has made the deadly weapon issue a part of a criminal prosecution. It, therefore, follows that a defendant must be given all procedural rights that are included in a criminal prosecution. *See Mempa v. Rhay,* 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967).

The legislature did not, however, make all issues concerning the setting of mandatory minimum terms a part of a criminal prosecution. RCW 9.95.015 clearly does not govern the Parole Board in making its decision whether the defendant was convicted previously for purposes of RCW 9.95.040(2) or whether a person convicted of embezzling funds from any institution of public deposit is an officer for

purposes of RCW 9.95.040(4). Only those enhancement factors which the legislature has defined as part of the criminal prosecution, *i.e.,* which must be made prior to the imposition of final judgment and sentence, require the highest degree of due process. *State v. Frazier, supra; Specht v. Patterson,* 386 U.S. 605, 18 L. Ed. 2d 326, 87 S. Ct. 1209 (1967).

Our conclusion that a defendant is only entitled to the full panoply of rights afforded in a criminal prosecution as to the issue of whether he or she was armed with a deadly weapon at the time of the commission of the offense is supported by *In re Sinka,* 92 Wn.2d 555, 599 P.2d 1275 (1979), which imposed certain due process requirements on the Parole Board. In *Sinka* at page 566, the court stated: "In sum, the setting of a minimum term is not part of a criminal prosecution and the full panoply of rights due a defendant in such a proceeding does not apply to a minimum term setting." Although the court in *Sinka* was concerned with the setting of a discretionary as opposed to mandatory term under RCW 9.95.040, in either situation the Parole Board was acting in its executive capacity.

> Under our system, the granting or denial of parole is not a part of the judicial process and is not a continuum of the judicial function of government. The judiciary's function ends with either a verdict of acquittal, or the revocation of probation, or the final entry of a judgment and sentence. Upon the entry of a final judgment and sentence of imprisonment, legal authority over the accused passes by operation of law to the Department of Institutions and the Board of Prison Terms and Paroles and those agencies of the executive branch bear full responsibility for executing the judgment and sentence or granting parole—all, of course, pursuant to statutes constitutionally enacted. The courts have long recognized this division of power and the transfer of jurisdiction over a finally convicted felon from the judicial to the executive branch of government.

*January v. Porter,* 75 Wn.2d 768, 773–74, 453 P.2d 876 (1969). Since the setting of a minimum term of confinement under RCW 9.95.040 is not a judicial function or part of a

criminal prosecution except as to the special finding requirement under RCW 9.95.015, an inmate is not entitled to "[p]rocedural due process of the highest standard . . ." *State v. Frazier, supra* at 634.

■■ The question still remains, however, as to the nature of the due process that should be afforded in the setting of a mandatory minimum term. In *In re Sinka, supra* at 565, the court ruled:

> The essentials of due process are "notice and an opportunity to be heard or defend before a competent tribunal in an orderly proceeding adapted to the nature of the case." *In re Hendrickson,* 12 Wn.2d 600, 606, 123 P.2d 322 (1942); . . . We emphasize, however, that due process "is flexible and calls for such procedural protections as the particular situation demands."

(Citation omitted.) The *Sinka* court reviewed the procedures followed by the Parole Board in setting a discretionary term, indicating that under current procedure it may set minimum terms based upon misleading or erroneous file information. The court held that the inmate should be advised of adverse information in his or her parole file and be allowed to rebut or explain it. We hold that the procedures outlined in *In re Sinka, supra,* must be similarly applicable to the setting of a mandatory minimum term. If the Parole Board is attempting to impose a 7 1/2–year mandatory minimum pursuant to RCW 9.95.040(2), the inmate should be given access to his or her file to challenge the fact of whether he or she was previously convicted.

In addition to the procedures outlined in *In re Sinka, supra,* however, additional due process safeguards are necessary. "The function of legal process, as that concept is embodied in the Constitution, and in the realm of factfinding, is to minimize the risk of erroneous decisions." *Greenholtz v. Inmates,* 442 U.S. 1, 13, 60 L. Ed. 2d 668, 99 S. Ct. 2100 (1979). To impose a mandatory minimum sentence under RCW 9.95.040(2), the judgment and sentence must contain a special finding as required by RCW 9.95.015, and the Parole Board must determine that the inmate has been

"previously convicted of a felony either in this state or elsewhere . . ." RCW 9.95.040(2). This determination is similar to that which must be made by a trier of fact in a habitual criminal proceeding. In both situations, there should be competent proof of identity and of a previous conviction. *See State v. Murdock,* 91 Wn.2d 336, 588 P.2d 1143 (1979). We hold that to insure reliability as to the fact of a prior conviction, the Parole Board is required as part of minimal due process to obtain certified copies of the judgment and sentence.

### DETERMINATION OF CONSTITUTIONALITY
### OF PREVIOUS CONVICTION

The next issue arises as to whether the Parole Board may set a mandatory 7 1/2–year term pursuant to RCW 9.95-.040(2) if the prior felony conviction is based upon a plea of guilty which the inmate contends was involuntary. Bush denies that he has any constitutionally valid previous felony convictions. In *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980), the court held that in a habitual criminal proceeding a defendant may challenge the present use of a conviction based upon a plea of guilty which the defendant contends was involuntary. Similarly, in *State v. Swindell,* 93 Wn.2d 192, 607 P.2d 852 (1980), the court held that in a prosecution under RCW 9.41.040 for possession of a weapon by a defendant previously convicted of a crime of violence, a defendant may challenge the present use of a conviction based upon a plea of guilty which he alleges was involuntary because of the absence of counsel during a critical stage of plea bargaining.

We note that *Holsworth* and *Swindell* appear to be inconsistent with *Lewis v. United States,* 445 U.S. 55, 68 L. Ed. 2d 198, 100 S. Ct. 915 (1980), which held that an uncounseled conviction could be used as a predicate to a subsequent charge of possession of a firearm. A motion for reconsideration, however, based in part upon *Lewis,* was denied in *Holsworth* and *Swindell,* indicating that in Washington a defendant may challenge the *present use* of

an involuntary guilty plea. The reasoning of *Holsworth* and *Swindell* would similarly preclude the present use by the Parole Board of an involuntary guilty plea in setting a mandatory minimum term. Unlike *Holsworth,* where the involuntary guilty plea was used in a habitual criminal proceeding, which is a part of the criminal prosecution, *State v. Starrish,* 86 Wn.2d 200, 544 P.2d 1 (1975), and *State v. Swindell, supra,* where it was used to support a conviction under RCW 9.41.040, the present use here is by the executive in administratively setting a minimum term of confinement. Because of this difference, the procedures imposed upon the State in *Holsworth* are inapplicable to the Parole Board. We hold that the Parole Board may base its decision setting a mandatory minimum under RCW 9.95.040(2) on a presumptively valid previous felony conviction.

If an inmate wishes to challenge the use of the prior conviction, the remedy is to seek a judicial determination that the conviction cannot constitutionally be used as a basis for setting a minimum term. The inmate may either collaterally attack the conviction in the state or federal court where it was entered or file a personal restraint petition pursuant to RAP 16.3 *et seq.* in the appropriate division of the Court of Appeals or in the Supreme Court. In the latter situation, the petitioner will be required to demonstrate that he or she is being unlawfully restrained because of the unconstitutional present use by the Parole Board of an involuntary guilty plea in setting the mandatory minimum term of confinement. We note that as in *Holsworth* and *Swindell,* the petitioner would only be attempting to show that because of the present use of an unconstitutional conviction, he or she was unlawfully restrained, not that the underlying conviction should be vacated. Since the personal restraint petition challenges the minimum confinement imposed upon the current offense, it would be filed in the division of the Court of Appeals "which includes the superior court entering the decision on the basis of which petitioner is held in custody . . ." RAP 16.8(b).

In reviewing the record here, we find that the setting of the minimum term did not comport with procedural due process. The case is, therefore, remanded to the Parole Board for further proceedings. Bush will not be precluded by RAP 16.4(d) from filing a second personal restraint petition following the resetting of his minimum term.

Remanded to the Parole Board for further proceedings consistent with this opinion.

JAMES, A.C.J., and DURHAM–DIVELBISS, J., concur.

Reconsideration denied July 17, 1980.

Review granted by Supreme Court October 27, 1980.