[No. 47243-2.   En Banc.   April 30, 1981.]

*In the Matter of the Personal Restraint of*
EDDIE JOE BUSH, *Petitioner.*

*Wayne Lieb, Ann Cockrill,* and *Sally Harrison* of *Institutional Legal Services,* for petitioner.

*Kenneth O. Eikenberry, Attorney General, William C. Collins, Stephen J. Hosch,* and *Nate D. Mannakee, Assistants, Norm Maleng, Prosecuting Attorney, J. Robin Hunt, Senior Deputy,* and *Alan S. Paja, Deputy,* for respondent.

DORE, J.—Petitioner Bush was charged with robbery while armed with a deadly weapon as defined in RCW 9.95.040[1] and a firearm pursuant to RCW 9.41.025. The court, sitting as fact finder, found Bush guilty and made special findings that petitioner was armed with a deadly weapon and a firearm during the commission of the offense.

---

[1]RCW 9.95.040, in part, reads:

"The following limitations are placed on the board of prison terms and paroles with regard to fixing the duration of confinement in certain cases, notwithstanding any provisions of law specifying a lesser sentence, to wit:

"(1) For a person not previously convicted of a felony but armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than five years.

"(2) For a person previously convicted of a felony either in this state or elsewhere and who was armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than seven and one–half years."

The court further concluded that

> no evidence of prior crimes of violence as defined in RCW 9.41.010[2] and applied in RCW 9.41.025,[3] was offered or admitted in this case; nor was there any evidence of crimes defined by RCW 9.95.040.[4]

The pertinent portions of the cited sections, set out in the margin, refer to a defendant's prior felony convictions. Petitioner was sentenced to a 20–year maximum term; the court recommended a 5–year minimum term.

The Board of Prison Terms and Paroles (Parole Board) made an independent investigation as to whether petitioner Bush had been convicted of any prior crimes. Relying on an FBI "rap sheet", the Parole Board determined that petitioner had been convicted of three prior offenses in California: possession of marijuana, assault with a deadly weapon, and felon in possession of a gun. The Parole Board, taking into consideration these additional felonies, then set petitioner's mandatory minimum sentence at 7 1/2

---

[2]RCW 9.41.040 provides:

"No person who has been convicted in this state or elsewhere of a crime of violence, shall own a pistol or have one in his possession or under his control. Such person upon being convicted of a violation of this section shall be guilty of a felony and punished by imprisonment in the state penitentiary for not less than one year nor more than ten years."

[3]RCW 9.41.025, in part, reads:

"Any person who shall commit or attempt to commit any felony, or any misdemeanor or gross misdemeanor categorized herein as inherently dangerous, while armed with, or in the possession of any firearm, shall upon conviction, in addition to the penalty provided by statute for the crime committed without use or possession of a firearm, be imprisoned as herein provided:

". . .

"(2) For a second offense, or if, in the case of a first conviction of violation of any provision of this section, the offender shall previously have been convicted of violation of the laws of the United States or of any other state, territory or district relating to the use or possession of a firearm while committing or attempting to commit a crime, the offender shall be guilty of a felony and shall be imprisoned for not less than seven and one–half years, which sentence shall not be suspended or deferred . . ."

[4]*See* RCW 9.95.040(2) as set out in footnote 1.

years.[5]

Petitioner argues that he was not put on notice that the State would seek the 7 1/2–year mandatory minimum sentence pursuant to RCW 9.95.040(2) rather than the 5–year mandatory minimum sentence pursuant to RCW 9.95-.040(1). He contends that if subsection (2) is to be relied upon, it must be alleged in the information, and the accused must have his full procedural due process rights afforded so that he may have an opportunity to rebut the fact of the prior convictions.

The Court of Appeals ruled that the Parole Board may make its own determination of an inmate's prior convictions; however, reliance upon an FBI "rap sheet" does not meet due process requirements. *In re Bush*, 26 Wn. App. 486, 616 P.2d 666 (1980). We affirm the Court of Appeals and adopt the reasoning of Judge Ringold as reflected in that opinion.

Proof that defendant was in possession of a deadly weapon must be shown beyond a reasonable doubt, *State v. Tongate*, 93 Wn.2d 751, 613 P.2d 121 (1980), even though that finding is not an element of the crime charged. *State v. Jackson*, 70 Wn.2d 498, 424 P.2d 313 (1967). Unless this standard is met, the Parole Board cannot impose the 5–year mandatory minimum sentence pursuant to RCW 9.95-.040(1). In addition, the deadly weapon allegation must be included in the information. *State v. Frazier*, 81 Wn.2d 628, 503 P.2d 1073 (1972). As explained by Judge Ringold, this result was legislatively mandated by RCW 9.95.015 which provides for the court's special finding as to existence of the deadly weapon (or firearm). In contrast, there is no legislative mandate which controls the determination of whether the defendant has been previously convicted of a felony. Without such legislative directive, the Parole Board can make its own inquiry and may rely, at the very mini-

---

[5]While the precise basis of the Parole Board's decision is not clear, the parties agreed during oral argument that the Parole Board was proceeding under the mandatory sentencing provisions of RCW 9.95.040(2).

mum, on *properly* certified copies of a prior judgment of conviction. If the inmate wishes to contest the fact of the prior convictions, he must be afforded a hearing before the Parole Board. His full panoply of procedural due process rights, however, do not attach at this hearing. *In re Sinka,* 92 Wn.2d 555, 599 P.2d 1275 (1979). If the inmate is not satisfied with the Parole Board's continued reliance upon the duly certified copies of the prior judgments, then he may file a personal restraint petition and seek to attack the use of the prior conviction before a court.

Absent a legislative mandate either by way of a special statute similar to RCW 9.95.015 or by making the facts upon which the enhanced penalty is based an element of the crime, the fact finder need not be the body to make the determination of whether this defendant committed prior felonies.[6] We cannot read into RCW 9.95.040(2) that which is neither expressed nor intended by the legislature.

The Court of Appeals is affirmed.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, HICKS, WILLIAMS, and DIMMICK, JJ., concur.

---

[6]If the State elects to prove the prior convictions at the trial, however, and fails to do so, then the Parole Board is estopped from making its own determination as to whether such prior convictions exist. In the subject case the court's conclusion quoted at page 553, *supra,* states that *no evidence was produced* on this issue. The court left it open, and the Parole Board was free to make its own determination.