[No. 7238–6–II.   Division Two.   March 29, 1984.]

*In the Matter of the Personal Restraint of*
DAVID V. ACOSTA, *Petitioner.*

*David V. Acosta,* pro se.

*Kenneth O. Eikenberry, Attorney General,* and *William C. Collins, Senior Assistant,* for respondent.

PETRICH, C.J.—David V. Acosta has filed a personal restraint petition in which he complains of certain actions of the Board of Prison Terms and Paroles: (1) that it set his minimum term by using his FBI "rap sheet" rather than certified copies of convictions; (2) that it failed to credit either his maximum or his discretionary minimum term with 105 days of presentence jail time; (3) that it relied on incorrect information in setting his minimum term, *i.e.*, an alleged assault conviction in 1971 and an escape in 1970.

Petitioner is in custody to serve a 10–year maximum sentence imposed in March 1981 for second degree assault. The parole board set his minimum term at 84 months, which was below the guideline range for petitioner. Petitioner was credited with 3 months 16 days against his maximum term, but not against the minimum.

This petition has been referred to a panel of judges for disposition.

1. The use of the FBI "rap sheet" is not a denial of equal protection or due process. Petitioner relies on *In re Bush,* 26 Wn. App. 486, 616 P.2d 666 (1980), *aff'd,* 95 Wn.2d 551, 627 P.2d 953 (1981). *Bush* involved application of RCW 9.95.040(2), which requires the parole board to set a mandatory minimum sentence for a person previously convicted of a felony and who was armed with a deadly weapon when he committed the current offense. The court held the Board must obtain certified copies of the prior felony judgment and sentence before imposing the mandatory minimum; under RCW 9.95.015, the trier of fact at trial has the duty of deciding whether the defendant was armed with a deadly weapon when he committed the crime. 26 Wn. App. at 495–96.

*Bush* contains no language suggesting that it was intended to apply to the facts of this case, in which the parole board has given petitioner an opportunity to comment upon the record used in setting his discretionary

minimum term. A discretionary minimum term is not like the situation in *Bush,* in which due process (of something less than the highest standard) was held to require certified copies of the prior convictions—just as must be provided when proving prior convictions to establish habitual criminal status. *Cf. State v. Murdock,* 91 Wn.2d 336, 588 P.2d 1143 (1979). In fixing a discretionary minimum, unlike the mandatory minimum, prior convictions are not dispositive of the duration of confinement; they are only one of many factors that the parole board may take into consideration, *see* RCW 9.95.030, .170. Due process is satisfied in this context by the prisoner's opportunity to see and contest the information used. *See In re Sinka,* 92 Wn.2d 555, 599 P.2d 1275 (1979).

2. As stated above, petitioner has been credited with presentence time against his maximum term. However, he also wants credit against his discretionary minimum. This request is directly answered by *State v. Phelan,* 100 Wn.2d 508, 671 P.2d 1212 (1983), which held that such credit is required. The parole board has stipulated to the granting of 105 days' credit, as requested.

3. In setting petitioner's minimum term, the parole board relied in part on a revised prior record severity score of 54, based on the following felony convictions: bank robbery (1966); escape (1970); assault (1971); "other" (1972). Petitioner in his own "presentence report" admitted to the bank robbery and to a jury conviction and 3–year sentence for assault. When given the opportunity to comment on the information used in setting the minimum term, petitioner apparently has not denied either of the convictions. The parole board has, in response to this petition, investigated further and deleted the escape and "other" (apparently a weapons offense that was dismissed) charges. The parole board declined to change the minimum term, however, bearing in mind the prosecutor's and judge's recommendations as to duration of confinement and the nature of the present crime.

The parole board has broad discretion to set a dis-

cretionary minimum term, and need not release a prisoner until his maximum expires. *In re Bonds,* 26 Wn. App. 526, 613 P.2d 1196 (1980). As already mentioned, petitioner has had an opportunity to challenge the accuracy of the information used. No abuse of the Board's discretion appears to have occurred in this case. Accordingly, we hold that this petition is denied as to issues 1 and 3, but pursuant to *State v. Phelan, supra,* the parole board shall give petitioner credit against his minimum term for presentence jail time.

So ordered.

PETRIE and REED, JJ., concur.