932 P.2d 662 (1997)
85 Wash.App. 235
The STATE of Washington, Petitioner,
v.
Barry B. HENTHORN, Respondent.
No. 36670-0-I.
Court of Appeals of Washington, Division 1.
February 3, 1997.
Publication Ordered March 10, 1997.
Peter Erik Meyers, King Co. Deputy Pros. Atty., Seattle, for Petitioner.
David Hugh Smith, Margaret A. Sundberg, Williams Kastner & Gibbs, Seattle, John E. Gagliardi, Fain Sheldon, Anderson & Vanderhoff, Seattle, for Respondent.
*663 MICHAEL MOYNIHAN, Judge Pro Tem.[*]
In 1994, Barry Henthorn was found guilty of Driving Under the Influence (DUI). Based on a prior DUI conviction from 1992, the district court sentenced Henthorn to 90 days in jail, plus the usual fines, probation and license suspension. Henthorn appealed that sentence to the superior court, asserting that the State did not properly allege or plead the prior DUI. The superior court reversed the sentence, and remanded for resentencing in accordance with the first offense statute. In so ruling, the superior court held that due process requires notice of factsincluding prior convictionsthat would increase the mandatory minimum period of incarceration.
Now the State appeals to this court, asking us to decide whether due process requires the State to provide notice of a prior conviction that increases the mandatory minimum sentence. We hold that it does not.
The elements of DUI are set forth in RCW 46.61.502. The statute provides that DUI is a gross misdemeanor, but provides no sentence; however, sentencing for DUI in 1994 was found in former RCW 46.61.5051-.5053 (repealed by Laws 1995, ch. 332, § 21). Under that sentencing scheme, a prior conviction increases the mandatory minimum jail term from 24 hours to 90 days. The maximum incarceration is one year regardless of the number of prior offenses. The first-offense sentencing statute, RCW 46.61.5051, provides in part that:
A person whose driver's license is not in a probationary, suspended, or revoked status, and who has not been convicted of a violation of RCW 46.61.502 or 46.61.504 that was committed within five years before the commission of the current violation... shall be punished as follows: ... By imprisonment for not less than one day nor more than one year.
In contrast, RCW 46.61.5053 provides, in part, for a mandatory minimum of 90 days:
A person who violates RCW 46.61.502 or 46.61.504 and who either has a driver's license in a suspended or revoked status or who has been convicted under RCW 46.61.5052 or 46.61.502 or 46.61.504 of an offense that was committed within five years before the commission of the current violation ... shall be punished as follows:... By imprisonment for not less than ninety days nor more than one year....
Thus the statutes provide a greater mandatory minimum jail term for the subsequent offender and eliminate the discretion of the prosecutor to seekor the court to givea shorter period of incarceration.
The superior court's reversal would require the district court to resentence Henthorn under RCW 46.61.5051. But .5051, by its very terms, is inapplicable to defendants with a prior conviction under .502 within the past five years. In this way, .5051-.5053 are not like traditional enhancement statutes, where the applicable base sentence makes no mention of the enhancement. To require the pleading of prior convictions would ignore the clear notice, provided in .5051 itself, that.5051 is not applicable to a defendant with a prior DUI conviction.
By creating these mandatory sentences, the Legislature mandated a high degree of sentence uniformity across the state. Under RCW 46.61.5051-.5053 the prosecutor has no discretion to affect sentencing by means of the charging document. If discretion were possible, then a small city with a limited jail budget might request all offenders to be sentenced as first-time offenders. While prosecutors have considerable discretion as to charging documents, we cannot ignore legislative intent. To do so would avoid the mandate of uniformity. See Seattle v. Williams, 128 Wash.2d 341, 908 P.2d 359 (1995).
Henthorn's due process argument to the district and superior courts, as well as to this court, is that due process requires the State to give notice of a prior conviction where the prior conviction increases the mandatory minimum sentence. As authority for that position he relies upon cases holding that *664 notice of a deadly weapon enhancement must be made in the charging document. See, e.g., State v. Frazier, 81 Wash.2d 628, 503 P.2d 1073 (1972); State v. Theroff, 95 Wash.2d 385, 622 P.2d 1240 (1980).
In Frazier, the Supreme Court addressed a penalty enhancement in former RCW 9.41.025 (repealed by Laws 1981, ch. 137, § 38, Laws 1982, ch. 10, § 17; Laws 1983, ch. 2 § 20; and Laws 1984, ch. 209, § 31). That statute provided for an additional unsuspended and undeferred sentence of at least five years in cases where a defendant, convicted of a felony or inherently dangerous misdemeanor, was armed or in possession of a firearm at the time of the alleged offense. The Supreme Court reasoned that this elimination of judicial discretion in setting the minimum sentence interfered with a liberty interest that must be protected by due process. Where a state statute creates a liberty interest, procedural due process protects that interest. Vitek v. Jones, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980). In Frazier and Theroff, RCW 9.95.015 created such a liberty interest by mandating that the State allege in the charging document the existence of the deadly weapon, for the simple and obvious reason that the enhanced penalty was contained in a separate statute. The notice requirement in Frazier was based on statutory due process, not constitutional due process. See In re Bush, 26 Wash.App. 486, 493, 616 P.2d 666 (1980) (explaining that in Frazier former RCW 9.95.015 required notice of sentencing enhancements); In re Bush, 95 Wash.2d 551, 554, 627 P.2d 953 (1981) (affirming and adopting reasoning of Court of Appeals). In Bush the Supreme Court held that a prior conviction could be used to enhance the mandatory minimum sentence in the absence of notice in the charging document without implicating constitutional due process. Bush, 95 Wash.2d at 554-55, 627 P.2d 953.
Henthorn alternatively contends that we should affirm the superior court on other grounds. He argues here, as he did to the superior court, that the case history document used at sentencing is not sufficient evidence of a prior conviction. The superior court did not reach this argument because it reversed on due process grounds. We, too, decline to reach this issue, but for another reason. Henthorn failed to object at sentencing to the court's reliance on the evidence presented. We do not review an alleged evidentiary error not objected to below. State v. Mak, 105 Wash.2d 692, 718-19, 718 P.2d 407 (1986).
Neither due process nor the applicable statutes require the State to plead a defendant's prior DUI convictions. It was error to ignore the mandatory sentencing requirements of RCW 46.61.5053. We reverse the decision of the superior court and reinstate the judgment and sentence of the district court.
COLEMAN and ELLINGTON, JJ., concur.
NOTES
[*] Judge Michael Moynihan is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.