88 P.3d 438 (2004)
CITY OF BREMERTON, Appellant,
v.
Alice Judith BRADSHAW, Respondent.
No. 29780-9-II.
Court of Appeals of Washington, Division 2.
April 27, 2004.
As Amended on Denial of Reconsideration June 15, 2004.
Jeremy Aaron Morris, Kitsap County Prosecutor's Office, Port Orchard, WA, for Appellant.
Jeanette Marie Dalton, Attorney at Law, Kingston, WA, for Respondent.
MORGAN, A.C.J.
The question is whether a trial court sentencing a third-time DUI offender under RCW 46.61.5055(3)(b) must grant credit, against mandatory jail time, for time served on electronic home monitoring prior to trial. The answer is no.
Alice Bradshaw was arrested for driving under the influence of intoxicants (DUI) in the City of Bremerton. She refused a breath test and was released on electronic home monitoring (EHM) pending trial. By October 18, 2001, she had spent 240 days on EHM.
On October 18, 2001, the Bremerton Municipal Court sentenced Bradshaw. She had two prior DUI's within the preceding seven years, so she was subject to not less than 120 days in jail, plus 150 days on EHM.[1] The court imposed 120 days in jail and 150 days on EHM.
During sentencing, the parties disputed whether Bradshaw should receive credit for the 240 days of EHM time that she had already served. The court credited 150 days of that time against the EHM portion of her sentence.[2] The court declined to credit the *439 remaining 90 days against the jail portion of her sentence.
Bradshaw appealed to the Kitsap County Superior Court, which reversed the Municipal Court's refusal to credit 90 days against the jail portion of her sentence. The City then brought this appeal.
Bradshaw claims that the municipal court erred by denying her credit for time served. To grant such a claim, we must find that she has a statutory or constitutional right to credit for time served.
Bradshaw contends that she has a statutory right by virtue of RCW 46.61.5055. Because that statute is so long, we set it forth in an appendix. It plainly treats jail time and EHM time separately. It permits a trial court to substitute EHM time for jail time when sentencing for a first offense, but not when sentencing for a second or third offense. It permits a trial court to substitute jail time for EHM time when the total of the two exceeds one year, but it does not permit a trial court to substitute EHM time for jail time. Nothing in it expressly gives Bradshaw a right to credit for time served.
Bradshaw asserts that even if RCW 46.61.5055 does not expressly give her a right to credit for time served, it has two or more reasonable meanings (i.e., that it is "ambiguous"); that one of those meanings gives her a right to credit for time served; and that under the rule of lenity we must adopt the meaning most favorable to her. But we do not perceive any statutory language that would generate ambiguity. In particular, we are not persuaded by Bradshaw's assertion that the legislature's use of the terms "imprisonment" and "confinement" results in ambiguity.
Based on State v. Speaks[3] and State v. Anderson,[4] Bradshaw contends that the Sentencing Reform Act, Chapter 9.94A RCW, gives her a right to credit for EHM time. The SRA, however, applies to felonies,[5] while DUI is a gross misdemeanor.[6] Accordingly, the SRA does not apply here.
Bradshaw does not identify any other statute that might support her claim for credit for time served. Nor does she cite or identify any constitutional provision.[7]
Having found no statutory or constitutional basis on which to sustain Bradshaw's claim for time served, we conclude that the municipal court did not err. Thus, we reverse the superior court's judgment, reinstate the municipal court's judgment, and remand to the municipal court for execution of sentence.
We concur: SEINFELD and HUNT, JJ.

APPENDIX
RCW 46.61.5055 provides as follows:
(1) A person who is convicted of a violation of RCW 46.61.502 or 46.61.504 and who has no prior offense within seven years shall be punished as follows:
(a) In the case of a person whose alcohol concentration was less than 0.15, or for whom for reasons other than the person's refusal to take a test offered pursuant to RCW 46.20.308 there is no test result indicating the person's alcohol concentration:
(i) By imprisonment for not less than one day nor more than one year. Twenty-four consecutive hours of the imprisonment may not be suspended or deferred unless the court finds that the imposition of this mandatory minimum sentence would impose a substantial risk to the offender's physical or mental well-being. Whenever the mandatory minimum sentence is suspended or deferred, the court shall state in *440 writing the reason for granting the suspension or deferral and the facts upon which the suspension or deferral is based. In lieu of the mandatory minimum term of imprisonment required under this subsection (1)(a)(i), the court may order not less than fifteen days of electronic home monitoring. The offender shall pay the cost of electronic home monitoring. The county or municipality in which the penalty is being imposed shall determine the cost. The court may also require the offender's electronic home monitoring device to include an alcohol detection breathalyzer, and the court may restrict the amount of alcohol the offender may consume during the time the offender is on electronic home monitoring; and
(ii) By a fine of not less than three hundred fifty dollars nor more than five thousand dollars. Three hundred fifty dollars of the fine may not be suspended or deferred unless the court finds the offender to be indigent; or
(b) In the case of a person whose alcohol concentration was at least 0.15, or for whom by reason of the person's refusal to take a test offered pursuant to RCW 46.20.308 there is no test result indicating the person's alcohol concentration:
(i) By imprisonment for not less than two days nor more than one year. Two consecutive days of the imprisonment may not be suspended or deferred unless the court finds that the imposition of this mandatory minimum sentence would impose a substantial risk to the offender's physical or mental well-being. Whenever the mandatory minimum sentence is suspended or deferred, the court shall state in writing the reason for granting the suspension or deferral and the facts upon which the suspension or deferral is based. In lieu of the mandatory minimum term of imprisonment required under this subsection (1)(b)(i), the court may order not less than thirty days of electronic home monitoring. The offender shall pay the cost of electronic home monitoring. The county or municipality in which the penalty is being imposed shall determine the cost. The court may also require the offender's electronic home monitoring device to include an alcohol detection breathalyzer, and the court may restrict the amount of alcohol the offender may consume during the time the offender is on electronic home monitoring; and
(ii) By a fine of not less than five hundred dollars nor more than five thousand dollars. Five hundred dollars of the fine may not be suspended or deferred unless the court finds the offender to be indigent; and
(iii) By a court-ordered restriction under RCW 46.20.720.
(2) A person who is convicted of a violation of RCW 46.61.502 or 46.61.504 and who has one prior offense within seven years shall be punished as follows:
(a) In the case of a person whose alcohol concentration was less than 0.15, or for whom for reasons other than the person's refusal to take a test offered pursuant to RCW 46.20.308 there is no test result indicating the person's alcohol concentration:
(i) By imprisonment for not less than thirty days nor more than one year and sixty days of electronic home monitoring. The offender shall pay for the cost of the electronic monitoring. The county or municipality where the penalty is being imposed shall determine the cost. The court may also require the offender's electronic home monitoring device include an alcohol detection breathalyzer, and may restrict the amount of alcohol the offender may consume during the time the offender is on electronic home monitoring. Thirty days of imprisonment and sixty days of electronic home monitoring may not be suspended or deferred unless the court finds that the imposition of this mandatory minimum sentence would impose a substantial risk to the offender's physical or mental well-being. Whenever the mandatory minimum sentence is suspended or deferred, the court shall state in writing the reason for granting the suspension or deferral and the facts upon which the suspension or deferral is based; and
(ii) By a fine of not less than five hundred dollars nor more than five thousand *441 dollars. Five hundred dollars of the fine may not be suspended or deferred unless the court finds the offender to be indigent; and
(iii) By a court-ordered restriction under RCW 46.20.720; or
(b) In the case of a person whose alcohol concentration was at least 0.15, or for whom by reason of the person's refusal to take a test offered pursuant to RCW 46.20.308 there is no test result indicating the person's alcohol concentration:
(i) By imprisonment for not less than forty-five days nor more than one year and ninety days of electronic home monitoring. The offender shall pay for the cost of the electronic monitoring. The county or municipality where the penalty is being imposed shall determine the cost. The court may also require the offender's electronic home monitoring device include an alcohol detection breathalyzer, and may restrict the amount of alcohol the offender may consume during the time the offender is on electronic home monitoring. Forty-five days of imprisonment and ninety days of electronic home monitoring may not be suspended or deferred unless the court finds that the imposition of this mandatory minimum sentence would impose a substantial risk to the offender's physical or mental well-being. Whenever the mandatory minimum sentence is suspended or deferred, the court shall state in writing the reason for granting the suspension or deferral and the facts upon which the suspension or deferral is based; and
(ii) By a fine of not less than seven hundred fifty dollars nor more than five thousand dollars. Seven hundred fifty dollars of the fine may not be suspended or deferred unless the court finds the offender to be indigent; and
(iii) By a court-ordered restriction under RCW 46.20.720.
(3) A person who is convicted of a violation of RCW 46.61.502 or 46.61.504 and who has two or more prior offenses within seven years shall be punished as follows:
(a) In the case of a person whose alcohol concentration was less than 0.15, or for whom for reasons other than the person's refusal to take a test offered pursuant to RCW 46.20.308 there is no test result indicating the person's alcohol concentration:
(i) By imprisonment for not less than ninety days nor more than one year and one hundred twenty days of electronic home monitoring. The offender shall pay for the cost of the electronic monitoring. The county or municipality where the penalty is being imposed shall determine the cost. The court may also require the offender's electronic home monitoring device include an alcohol detection breathalyzer, and may restrict the amount of alcohol the offender may consume during the time the offender is on electronic home monitoring. Ninety days of imprisonment and one hundred twenty days of electronic home monitoring may not be suspended or deferred unless the court finds that the imposition of this mandatory minimum sentence would impose a substantial risk to the offender's physical or mental well-being. Whenever the mandatory minimum sentence is suspended or deferred, the court shall state in writing the reason for granting the suspension or deferral and the facts upon which the suspension or deferral is based; and
(ii) By a fine of not less than one thousand dollars nor more than five thousand dollars. One thousand dollars of the fine may not be suspended or deferred unless the court finds the offender to be indigent; and
(iii) By a court-ordered restriction under RCW 46.20.720; or
(b) In the case of a person whose alcohol concentration was at least 0.15, or for whom by reason of the person's refusal to take a test offered pursuant to RCW 46.20.308 there is no test result indicating the person's alcohol concentration:
(i) By imprisonment for not less than one hundred twenty days nor more than one year and one hundred fifty days of electronic home monitoring. The offender shall pay for the cost of the electronic monitoring. The county or municipality where the penalty is being imposed shall determine the cost. The court may also *442 require the offender's electronic home monitoring device include an alcohol detection breathalyzer, and may restrict the amount of alcohol the offender may consume during the time the offender is on electronic home monitoring. One hundred twenty days of imprisonment and one hundred fifty days of electronic home monitoring may not be suspended or deferred unless the court finds that the imposition of this mandatory minimum sentence would impose a substantial risk to the offender's physical or mental well-being. Whenever the mandatory minimum sentence is suspended or deferred, the court shall state in writing the reason for granting the suspension or deferral and the facts upon which the suspension or deferral is based; and
(ii) By a fine of not less than one thousand five hundred dollars nor more than five thousand dollars. One thousand five hundred dollars of the fine may not be suspended or deferred unless the court finds the offender to be indigent; and
(iii) By a court-ordered restriction under RCW 46.20.720.
(4) If a person who is convicted of a violation of RCW 46.61.502 or 46.61.504 committed the offense while a passenger under the age of sixteen was in the vehicle, the court shall:
(a) In any case in which the installation and use of an interlock or other device is not mandatory under RCW 46.20.720 or other law, order the use of such a device for not less than sixty days following the restoration of the person's license, permit, or nonresident driving privileges; and
(b) In any case in which the installation and use of such a device is otherwise mandatory, order the use of such a device for an additional sixty days.
(5) In exercising its discretion in setting penalties within the limits allowed by this section, the court shall particularly consider the following:
(a) Whether the person's driving at the time of the offense was responsible for injury or damage to another or another's property; and
(b) Whether at the time of the offense the person was driving or in physical control of a vehicle with one or more passengers.
(6) An offender punishable under this section is subject to the alcohol assessment and treatment provisions of RCW 46.61.5056.
(7) The license, permit, or nonresident privilege of a person convicted of driving or being in physical control of a motor vehicle while under the influence of intoxicating liquor or drugs must:
(a) If the person's alcohol concentration was less than 0.15, or if for reasons other than the person's refusal to take a test offered under RCW 46.20.308 there is no test result indicating the person's alcohol concentration:
(i) Where there has been no prior offense within seven years, be suspended or denied by the department for ninety days;
(ii) Where there has been one prior offense within seven years, be revoked or denied by the department for two years; or
(iii) Where there have been two or more prior offenses within seven years, be revoked or denied by the department for three years;
(b) If the person's alcohol concentration was at least 0.15, or if by reason of the person's refusal to take a test offered under RCW 46.20.308 there is no test result indicating the person's alcohol concentration:
(i) Where there has been no prior offense within seven years, be revoked or denied by the department for one year;
(ii) Where there has been one prior offense within seven years, be revoked or denied by the department for nine hundred days; or
(iii) Where there have been two or more prior offenses within seven years, be revoked or denied by the department for four years.
For purposes of this subsection, the department shall refer to the driver's record maintained under RCW 46.52.120 when determining the existence of prior offenses.

*443 (8) After expiration of any period of suspension, revocation, or denial of the offender's license, permit, or privilege to drive required by this section, the department shall place the offender's driving privilege in probationary status pursuant to RCW 46.20.355.
(9)(a) In addition to any nonsuspendable and nondeferrable jail sentence required by this section, whenever the court imposes less than one year in jail, the court shall also suspend but shall not defer a period of confinement for a period not exceeding five years. The court shall impose conditions of probation that include: (i) Not driving a motor vehicle within this state without a valid license to drive and proof of financial responsibility for the future; (ii) not driving a motor vehicle within this state while having an alcohol concentration of 0.08 or more within two hours after driving; and (iii) not refusing to submit to a test of his or her breath or blood to determine alcohol concentration upon request of a law enforcement officer who has reasonable grounds to believe the person was driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor. The court may impose conditions of probation that include nonrepetition, installation of an ignition interlock or other biological or technical device on the probationer's motor vehicle, alcohol or drug treatment, supervised probation, or other conditions that may be appropriate. The sentence may be imposed in whole or in part upon violation of a condition of probation during the suspension period.
(b) For each violation of mandatory conditions of probation under (a)(i) and (ii) or (a)(i) and (iii) of this subsection, the court shall order the convicted person to be confined for thirty days, which shall not be suspended or deferred.
(c) For each incident involving a violation of a mandatory condition of probation imposed under this subsection, the license, permit, or privilege to drive of the person shall be suspended by the court for thirty days or, if such license, permit, or privilege to drive already is suspended, revoked, or denied at the time the finding of probation violation is made, the suspension, revocation, or denial then in effect shall be extended by thirty days. The court shall notify the department of any suspension, revocation, or denial or any extension of a suspension, revocation, or denial imposed under this subsection.
(10) A court may waive the electronic home monitoring requirements of this chapter when:
(a) The offender does not have a dwelling, telephone service, or any other necessity to operate an electronic home monitoring system;
(b) The offender does not reside in the state of Washington; or
(c) The court determines that there is reason to believe that the offender would violate the conditions of the electronic home monitoring penalty.
Whenever the mandatory minimum term of electronic home monitoring is waived, the court shall state in writing the reason for granting the waiver and the facts upon which the waiver is based, and shall impose an alternative sentence with similar punitive consequences. The alternative sentence may include, but is not limited to, additional jail time, work crew, or work camp.
Whenever the combination of jail time and electronic home monitoring or alternative sentence would exceed three hundred sixty-five days, the offender shall serve the jail portion of the sentence first, and the electronic home monitoring or alternative portion of the sentence shall be reduced so that the combination does not exceed three hundred sixty-five days.
(11) An offender serving a sentence under this section, whether or not a mandatory minimum term has expired, may be granted an extraordinary medical placement by the jail administrator subject to the standards and limitations set forth in RCW 9.94A.728(4).
(12) For purposes of this section:
(a) A "prior offense" means any of the following:

*444 (i) A conviction for a violation of RCW 46.61.502 or an equivalent local ordinance;
(ii) A conviction for a violation of RCW 46.61.504 or an equivalent local ordinance;
(iii) A conviction for a violation of RCW 46.61.520 committed while under the influence of intoxicating liquor or any drug;
(iv) A conviction for a violation of RCW 46.61.522 committed while under the influence of intoxicating liquor or any drug;
(v) A conviction for a violation of RCW 46.61.5249, 46.61.500, or 9A.36.050 or an equivalent local ordinance, if the conviction is the result of a charge that was originally filed as a violation of RCW 46.61.502 or 46.61.504, or an equivalent local ordinance, or of RCW 46.61.520 or 46.61.522;
(vi) An out-of-state conviction for a violation that would have been a violation of (a)(i), (ii), (iii), (iv), or (v) of this subsection if committed in this state;
(vii) A deferred prosecution under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.502, 46.61.504, or an equivalent local ordinance; or
(viii) A deferred prosecution under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.5249, or an equivalent local ordinance, if the charge under which the deferred prosecution was granted was originally filed as a violation of RCW 46.61.502 or 46.61.504, or an equivalent local ordinance, or of RCW 46.61.520 or 46.61.522; and
(b) "Within seven years" means that the arrest for a prior offense occurred within seven years of the arrest for the current offense.
Subsection (4) was added after the dates material here. Laws of 2003, ch. 103, § 1.
NOTES
[1] See RCW 46.61.5055(3)(b).
[2] This ruling is not in issue here.
[3] 119 Wash.2d 204, 829 P.2d 1096 (1992).
[4] 132 Wash.2d 203, 937 P.2d 581 (1997).
[5] RCW 9.94A.505(1) ("When a person is convicted of a felony, the court shall impose punishment as provided in this chapter."); State v. Snedden, 149 Wash.2d 914, 922, 73 P.3d 995 (2003) (SRA applies only to felonies); State v. Marks, 95 Wash.App. 537, 539, 977 P.2d 606 (1999) (same); State v. Whitney, 78 Wash.App. 506, 517, 897 P.2d 374 (same), review denied, 128 Wash.2d 1003, 907 P.2d 297 (1995).
[6] RCW 46.61.502(5); State v. Barker, 143 Wash.2d 915, 921, 25 P.3d 423 (2001) (DUI is misdemeanor); State v. Henthorn, 85 Wash.App. 235, 237, 932 P.2d 662 (1997) (DUI is gross misdemeanor).
[7] By citing Anderson, Bradshaw might be asserting that she has been denied equal protection. She has not shown, however, that she has been treated differently from anyone else in the same class. If she is making such a claim, it fails.