[No. 86416-1.   En Banc.]
Considered February 9, 2012.     Decided February 16, 2012.

THE STATE OF WASHINGTON, *Petitioner*, v. COREY JEROME IRISH, *Respondent*.

*Mark E. Lindquist, Prosecuting Attorney*, and *Melody M. Crick, Deputy*, for petitioner.

*Catherine E. Glinski*, for respondent.

¶1 Per Curiam — The Court of Appeals vacated Corey Irish's sentence on multiple felonies, reasoning that previous convictions that were included in Irish's offender score for his current offenses may have violated double jeopardy principles. We grant the State's petition for review and reverse.

¶2 Irish and another man robbed a drug store in 2007. Police responding to a silent alarm captured Irish as he tried to flee. The second robber escaped. A jury convicted Irish of one count of first degree robbery, three counts of second degree assault (involving three store employees), one count of unlawful possession of a controlled substance, and one count of unlawful possession of a firearm. The trial court merged one of the assaults into the robbery. Irish's offender score was partly based on four 1998 convictions: two for first degree robbery and two for second degree assault, all committed on the same day. The court in the current sentencing counted all four convictions separately in calculating Irish's offender score.

¶3 The Court of Appeals affirmed the robbery, assault, and firearm convictions, but it reversed the controlled sub-

stances conviction and remanded for resentencing. Irish had argued in his statement of additional grounds for review that his 1998 convictions should have been treated as "the same criminal conduct" for offender score purposes. The Court of Appeals rejected that argument on the basis that the 1998 convictions involved different victims. *See* RCW 9.94A.589(1)(a).

¶4 On remand, Irish apparently renewed his argument that his 1998 convictions should not have been separately counted in his offender score. The trial court continued sentencing, and when it reconvened it agreed with the State that the Court of Appeals had rejected that argument. Asked for his view, defense counsel stated he had no response. The State asked for a high-end standard range sentence. Defense counsel did not dispute the standard sentence range calculation but urged a low-end sentence. When invited to address the court, Irish claimed that there was no proof or factual basis for his guilty plea to the 1998 assaults. The trial court then asked Irish whether he wanted to say anything about sentencing on his current offenses. Irish responded that he did not. As it had before, the trial court counted the 1998 convictions separately, and it imposed a high-end standard range sentence.

¶5 Irish appealed again, arguing that the trial court on remand should have determined whether the 1998 convictions violated double jeopardy principles because they arose out of the same course of conduct and thus constituted a single unit of prosecution. The Court of Appeals agreed with Irish and vacated his sentence, remanding to the trial court to determine whether the 1998 convictions violated double jeopardy principles.

¶6 The Court of Appeals erred. It is well settled that the State is not required to prove the constitutional validity of prior convictions used to calculate a defendant's offender score on a current conviction. *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986). And a criminal defendant generally has no right to contest

the validity of a previous conviction in connection with a current sentencing. *Ammons*, 105 Wn.2d at 188. Requiring the State to make such a showing, or allowing the defendant to assert such a challenge, would turn the current sentencing proceeding into an appellate review of all of the defendant's prior convictions. *Id.* Consequently, a defendant seeking to challenge the validity of a prior conviction must exhaust established postconviction avenues of relief, such as a personal restraint petition. *Id.* If Irish wishes to challenge the validity of his 1998 convictions, he should file a personal restraint petition attacking those convictions. Allowing Irish to assert such a challenge in connection with his current sentencing is plainly contrary to *Ammons*.

¶7 The Court of Appeals is reversed.