IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33888-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| LEOPOLDO CUEVAS CARDENAS, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Leopoldo Cuevas Cardenas appeals his conviction and sentence for attempted second degree burglary. The State has reasonably cured or conceded several errors.

The sole issues that remain are whether Mr. Cardenas's offender score was calculated incorrectly and whether resentencing is required. Although Mr. Cardenas points out a calculation error, an offsetting error leaves his offender score unchanged. Resentencing is not required. We remand for correction of the judgment and sentence.

PROCEDURAL HISTORY

Leopoldo Cuevas Cardenas was charged with attempted second degree burglary after he tried to break into an espresso stand in Wapato on August 24, 2015. A CrR 3.5

hearing was conducted on the admissibility of a statement he made to Deputy Justin Swale before being arrested. At the conclusion of the hearing, the trial court found that Mr. Cardenas was not in custody at the time he made the statement and that he made it voluntarily. The court did not enter written findings or conclusions in support of its ruling at the time. It allowed Deputy Swale to testify concerning Mr. Cardenas's statement at trial.

A jury found Mr. Cardenas guilty. The trial court sentenced Mr. Cardenas to 51 months' incarceration based on an offender score of 9+.

At sentencing, the State asked the trial court to impose $260 in restitution for the damage to the espresso stand. Mr. Cardenas objected to the amount, claiming the victim was overcharged for the repairs. The trial court entered a $1 restitution award as a "place holder," observing that a hearing to determine restitution would be held at a later date. Report of Proceedings (RP)[1] at 259. That hearing never occurred.

Mr. Cardenas appealed. Among the assignments of error made in his opening brief was to the trial court's failure to enter findings and conclusions in support of its decision at the CrR 3.5 hearing. The State promptly moved this court to stay the appeal and remand the case to the trial court for entry of the findings and conclusions. The

---

[1] All citations to the Report of Proceedings are to the consecutively numbered two volume report that begins with proceedings taking place on September 8, 2015.

motion was granted and on remand, findings and conclusions consistent with the trial court's oral ruling were entered.

Upon completion of the briefing, the appeal was considered by the panel without oral argument.

## ANALYSIS

Not counting Mr. Cardenas's assignment of error to the trial court's failure to enter findings and conclusions following the CrR 3.5 hearing, which is now moot, his opening and supplemental briefs make four assignments of error. The trial court is alleged to have erred in (1) imposing restitution, (2) misstating the maximum penalty for attempted second degree burglary in the judgment and sentence, (3) misstating dates in the criminal history of Mr. Cardenas set forth in the judgment and sentence, and (4) scoring too many offender points for Mr. Cardenas's crimes committed before July 1, 1986, that were served concurrently.

The State concedes that the trial court failed to conduct a hearing on the amount of restitution within 180 days of the sentencing hearing as required by RCW 9.94A.753(1) and that the remedy is to vacate the restitution order. *See State v. Grantham*, 174 Wn. App. 399, 406, 299 P.3d 21 (2013). We accept the State's concession.

The State also concedes that the judgment and sentence contains scrivener's errors. Section 2.5 incorrectly lists the maximum term for attempted burglary in the second degree as 10 years, when it is actually 5 years. RCW 9A.52.030(2),

3

9A.28.020(3)(c), 9A.20.021(1)(c). In addition, Mr. Cardenas's criminal history set forth in the judgment and sentence includes 9 entries in the "Date of Crime" column that do not match the dates in the criminal history packets prepared by the State for sentencing. The parties agree that the correct dates are as follows:

| Crime | Date of crime listed in the judgment and sentence | Actual date of crime | Citation |
|---|---|---|---|
| Custodial Assault 90-1-00015-3 | 1-11-1990 | **11-22-1989** | Supp. Br. of Appellant Appendix B; State's Ex. D |
| Second Degree Burglary 86-1-50132-0 | 7-28-1986 | **6-18-1986** | Supp. Br. of Appellant Appendix A; State's Ex. D |
| Second Degree Burglary 86-1-50132-0 | 7-28-1986 | **6-16-1986** | Supp. Br. of Appellant Appendix A; State's Ex. D |
| First Degree Theft (not FA) 86-1-50132-0 | 7-28-1986 | **6-18-1986** | Supp. Br. of Appellant Appendix A; State's Ex. D |
| Second Degree Theft (not FA) 86-1-50132-0 | 7-28-1986 | **6-16-1986** | Supp. Br. of Appellant Appendix A; State's Ex. D |
| First Degree PSP 86-1-50107-9 | 6-20-1986 | **6-18-1986** | Supp. Br. of Appellant Appendix C; State's Ex. B |
| Second Degree Robbery 87-1-01598-5 | 12-2-1987 | **12-1-1987** | Supp. Br. of Appellant Appendix D; State's Ex. A |
| Second Degree Burglary 86-1-00226-5 | 1-19-1986 | **2-22-1986** | Supp. Br. of Appellant Appendix E; State's Ex. A |
| Willful Fail Return – Work Release 88-1-0024-7 | 6-9-1988 | **4-25-1988** | Supp. Br. of Appellant Appendix F; State's Ex. A |

We again accept the State's concession and will direct the trial court to make the corrections indicated.

The only remaining issue raised by Mr. Cardenas's briefs is whether his offender score was miscalculated.

*Calculation of offender score*

For convictions of crimes committed before July 1, 1986, all convictions that were served concurrently count as one offense in the defendant's offender score. RCW 9.94A.525(5)(a)(ii). Six of the 14 convictions included in Mr. Cardenas's criminal history were for crimes committed before July 1, 1986. Of those, the sentences for 4 (2 burglary convictions and 2 theft convictions for crimes committed in June 1986) were served concurrently and should be counted as a single offense for scoring purposes. The State agrees that the 4 convictions count as only 1 offense.

While Mr. Cardenas points to this scoring rule that causes four of his convictions to count as one, he ignores different scoring rules that cause four of his convictions to count as eight. Under RCW 9.94A.525(6), prior convictions are counted as if a defendant's attempted second degree burglary conviction was for a completed second degree burglary. And under RCW 9.94A.525(16), since the present conviction is treated as one for burglary 2, two points are counted for each of his adult prior burglary 1 or burglary 2 convictions—of which he has four. This doubling of points for the prior burglaries was pointed out by the prosecutor during the sentencing hearing. *See* Report of Proceedings (RP) at 239-40. The additional four points added under this rule more than offset the three point reduction for Mr. Cardenas's concurrently-served pre-July 1, 1986 convictions.

The State correctly argues that even if the four pre-July 1, 1986 crimes were correctly scored as a single offense Mr. Cardenas would still have an offender score of 9+, leaving his standard range unaffected. The State contends that resentencing is unnecessary because even if Mr. Cardenas had pointed out below that four of his convictions counted as one, the trial court would have imposed the same sentence.

When the sentencing court incorrectly calculates the standard range, remand for resentencing is the remedy unless the record clearly indicates the sentencing court would have imposed the same sentence anyway. *State v. Tili*, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003) (citing *State v. Parker*, 132 Wn.2d 182, 189, 937 P.2d 575 (1997)). This case is different, because there is no showing here that the offender score of 9+ is wrong. We cannot even determine that the sentencing court was mistaken about how many points above nine would be indicated by Mr. Cardenas's criminal history, because it appears no one thought it mattered.

The trial court offered the following reason for the sentence it imposed:

> [W]hen sentencing—and the legislature gives the court a range, then I think what a lot of judges do is kind of start in the middle of the range and then—determine whether there are factors that indicate that the range should be higher or lower. On the one hand this is probably a pretty routine attempted second degree burglary. But we do have I think a serious consideration here, given Mr. Cardenas' record. He has a long history of—theft and burglary. I'm not sure that—much has been learned through incarceration.
> But given—given the history, given his criminal history, I think a sentence closer to the top of the range is more appropriate than one at the bottom of the range.

6

I am going to sentence at the top of the range, 51 months.

RP at 252-53. Whether concurrently-served convictions for pre-July 1, 1986 crimes count as one offense or prior burglary 2s count as two, the decisive factor for the court—Mr. Cardenas's "long history of theft and burglary"—remains the same.

Mr. Cardenas has not demonstrated an error in calculating the offender score or any basis for remanding for resentencing.

## STATEMENT OF ADDITIONAL GROUNDS

In a pro se statement of additional grounds (SAG), Mr. Cardenas raises four.

*Error to admit screwdriver because no probable cause to arrest; SAG at 11-13.* Pretrial, Mr. Cardenas made a pro se motion to dismiss on the basis that Deputy Swale lacked probable cause to arrest him. The motion was denied. No objection was made when the screwdriver was later offered as evidence. Any objection to admitting the screwdriver as evidence was waived. RAP 2.5(a).

Mr. Cardenas's real quarrel appears to be with the trial court's ruling that Deputy Swale had probable cause to arrest. Where the facts and circumstances known to the arresting officer are sufficiently trustworthy to cause a reasonable officer to believe an offense has been committed, probable cause exists. *State v. Moore*, 161 Wn.2d 880, 885, 169 P.3d 469 (2007). A person is guilty of attempted second degree burglary if, with the intent to commit second degree burglary, "he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1).

7

As Deputy Swale testified at the CrR 3.5 hearing and at trial, upon responding to the report of the attempted burglary he traveled to the espresso stand; examined damage to a door that it appeared someone tried to pry open; spoke with the owner, who said it was new damage; and viewed security footage of a man trying to pry open the door— footage from which he could see the man's face and clothing "pretty well." RP at 51. He then drove around the area and within 20 minutes spotted Mr. Cardenas, whose appearance was consistent with the man on the security footage. When he approached Mr. Cardenas and told him nothing more than that he was investigating a burglary, Mr. Cardenas stated "he had only walked by the coffee shop." RP at 53. There was more than enough trustworthy information to cause a reasonable officer to believe an offense had been committed.

*Ineffective assistance of counsel; SAG at 16-20.* Mr. Cardenas next alleges ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish ineffective assistance of counsel, a defendant must demonstrate that a lawyer's representation was deficient and that the deficient representation prejudiced him. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

Mr. Cardenas generally describes alleged instances of ineffective assistance

(making no effort to secure the security video, doing nothing to prepare a defense, failing to file motions, and failing to object to leading questions). But in each case he either fails to identify a specific act or omission, or fails to demonstrate that an act or omission was both deficient and prejudicial. No ineffective assistance of counsel is shown.

*Selective prosecution, prosecutorial misconduct, and insufficient evidence; SAG 20-26.* Mr. Cardenas argues he was the victim of selective prosecution, that the prosecutor committed prosecutorial misconduct during closing argument, and that the State presented insufficient evidence to prove beyond a reasonable doubt that the man in the security video was him.

Mr. Cardenas contends he is the victim of selective prosecution based on his race. He did not claim race-based prosecution in the trial court, however, so under RAP 2.5(a)'s general rule, any claim of error was waived. The rule's exception for "manifest constitutional error," RAP 2.5(a)(3), does not apply. Although the asserted error is constitutional, it was never addressed or explored in the trial court, leaving Mr. Cardenas unable to demonstrate the actual prejudice that makes an error "manifest." *State v. Munguia*, 107 Wn. App. 328, 340-41, 26 P.3d 1017 (2001). Error, if any, was not preserved.

Mr. Cardenas argues that the following statements by the prosecutor during closing argument amounted to prosecutorial misconduct:

9

> [The espresso shop owner] went and looked at the security video, and he saw the defendant trying to break in. He saw the defendant taking a screwdriver and prying, over and over again, trying to open up that door. . . .
>
> . . . Dep. Swale came and responded. He saw the videos, he saw the pry marks, he took pictures of the door, where the defendant had tried to pry open the door.
>
> He left the scene, and about 20 minutes after that, five or six blocks away, easy walking distance, he saw the defendant walking along. And he contacted him and the defendant asked, "What are you contacting me for." He said, "I'm investigating the burglary." Deputy testified that's all he said, nothing about a coffee stand; "I'm investigating the burglary." And the defendant's response, which the defendant—which the deputy noted in his police report, put quotations marks around, was, "I was just walking by that coffee stand."

RP at 173-74. He claims conclusorily that the statements were prejudicial and unsupported by the record. While Mr. Cardenas asserts his innocence and that the shop owner did not see *him* on the security video, the prosecutor's statements are supported by evidence and reasonable inferences from the evidence. Mr. Cardenas provides no evidence or argument demonstrating prejudice.

Mr. Cardenas argues the State failed to prove beyond a reasonable doubt his identity as the attempted burglar or his felonious intent. In reviewing a claim of insufficiency, we view the evidence in the light most favorable to the prosecution and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Johnson*, 188 Wn.2d 742, 750-51, 399 P.3d 507 (2017). A person acts with intent when he or she acts with the objective or purpose to accomplish a result which constitutes a crime. RCW 9A.08.010(1)(a).

10

The same evidence we describe above as supporting the trial court's finding of probable cause to arrest is substantial evidence that Mr. Cardenas attempted to enter the espresso stand with the intent to commit a crime. The use of a screwdriver to seek entry into a building is sufficient evidence of a defendant's intent to enter for illegal reasons. *State v. Brooks*, 107 Wn. App. 925, 929-30, 29 P.3d 45 (2001).

*Offender score miscalculation; SAG 26-30.* Finally, Mr. Cardenas argues that the trial court sentenced him based on a miscalculated offender score, making arguments different from those advanced by his appellate lawyer. He challenges the validity of his prior convictions and contends that some of his convictions "washed out." SAG at 27.

Prior convictions do not count toward the offender score if they have washed out as a result of crime-free time spent in the community. For class B felonies, an offender must spend 10 consecutive years in the community without committing any crime that subsequently results in a conviction. RCW 9.94A.525(2)(b). For class C felonies, an offender must spend 5 consecutive crime-free years in the community for the felony to wash out. RCW 9.94A.525(2)(c).

At Mr. Cardenas's sentencing, the lawyers were aware that Mr. Cardenas believed some of his convictions had washed out. Certified copies of the judgment and sentences and Department of Corrections' records were available and both lawyers addressed the issue. As the prosecutor pointed out, "There isn't a span of five years as to any of these felony convictions." RP at 236. Even defense counsel stated he had reviewed the

11

criminal history and "[u]nfortunately, I don't see that under the [Sentencing Reform Act of 1981] there is anything for me to argue in terms of a washout. I did look at it carefully. Given the calculations I did not see any washouts." RP at 237.

Following Mr. Cardenas's release from custody for his first crime committed in 1986, he committed a crime every year through the year 1989, meaning—since the crime-free years must be consecutive—that the wash-out clock continually reset. His release from custody on August 5, 1996, started the clock running, but Mr. Cardenas then committed two first degree robberies in December 1998. He was not released from custody until June 1, 2012. At the time of the attempted second degree robbery on August 24, 2015, Mr. Cardenas had been crime-free in the community consecutively for only a little over three years—not enough to wash out a Class B or Class C felony.

Finally, as to Mr. Cardenas's challenges to the validity of his convictions,

> [A] criminal defendant generally has no right to contest the validity of a previous conviction in connection with a current sentencing. [*State v.*] *Ammons*, 105 Wn.2d [175,] 188, [713 P.2d 719, 718 P.2d 796 (1986)]. Requiring the State to make such a showing, or allowing the defendant to assert such a challenge, would turn the current sentencing proceeding into an appellate review of all of the defendant's prior convictions. *Id.* Consequently, a defendant seeking to challenge the validity of a prior conviction must exhaust established postconviction avenues of relief, such as a personal restraint petition.

*State v. Irish*, 173 Wn.2d 787, 789-90, 272 P.3d 207 (2012).

No. 33888-6-III
*State v. Cardenas*

We affirm the conviction and remand with directions to vacate the award of restitution and correct the judgment and sentence in a manner consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, A.C.J.

13