# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49694-1-II |
| Respondent, | |
| v. | |
| COREY JEROME IRISH, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Corey Jerome Irish appeals the trial court's denial of his CrR 7.8 motion. Through appellate counsel, Irish argues that the trial court erred by denying Irish's untimely CrR 7.8 motion rather than transferring the CrR 7.8 motion to this court for consideration as a personal restraint petition (PRP) as required by CrR 7.8(c)(2).  We hold that once the trial court determined that the CrR 7.8 motion was time barred or that Irish failed to establish a substantial probability that he was entitled to relief, the trial court was required to transfer Irish's CrR 7.8 motion to this court under CrR 7.8(c)(2) and the trial court lacked the authority to deny the motion.  Accordingly, we vacate the order denying the CrR 7.8 motion and remand this matter back to the trial court to transfer the CrR 7.8 motion to this court under CrR 7.8(c)(2).

No. 49694-1-II

FACTS

I. PRIOR APPEALS AND PRPS

In 2008, a jury convicted Irish of first degree robbery, three counts of second degree assault, and other charges that are not relevant to this appeal. At his initial sentencing, the trial court merged one of the three second degree assault convictions with the first degree robbery to avoid a double jeopardy issue. The trial court refused to merge the remaining assault convictions into the robbery and sentenced Irish on the first degree robbery and the remaining two assault convictions separately. Irish appealed.

In an unpublished opinion filed November 9, 2009, we rejected Irish's argument that the first degree robbery and the two un-merged second degree assault convictions violated the prohibition against double jeopardy under the merger doctrine or the independent purpose test. *State v. Irish*, noted at 152 Wn. App. 1065 (2009). We did so because the robbery did not occur in the presence of the two assault victims. But we remanded on other grounds. Our Supreme Court denied review. *State v. Irish*, 168 Wn.2d 1021 (Mar. 30, 2010) (ruling denying review).

Irish filed his first PRP in May 2010. He again presented a double jeopardy argument. We noted that this issue had already been rejected on the merits in this first appeal and further noted that, to the extent his new argument differed from his original argument, it had no merit. *In re Pers. Restraint of Irish*, No. 40665-9-II (Nov. 24, 2010) (order dismissing petition). Our Supreme Court denied review. *In re Pers. Restraint of Irish*, No. 85420-3 (July 12, 2011) (ruling denying motion for review).

Meanwhile, on remand, the trial court entered an amended judgment and sentence. The trial court again imposed separate sentences for the first degree robbery and the two remaining second degree assaults. Irish appealed. Our Supreme Court affirmed the trial court. *State v. Irish*, 173 Wn.2d 787, 272 P.3d 207 (2012). Irish did not raise a double jeopardy issue in this second appeal. This appeal mandated in March 2012, and Irish's judgment and sentence became final at that time. RCW 10.73.090(3)(b).

In October 2012, Irish filed a second PRP. He once again argued that the imposition of separate sentences on the robbery and the two second degree assaults violated double jeopardy. We dismissed this petition because the issue had already been rejected on the merits and Irish's argument that there had been a significant change in the law that justified reconsideration of the double jeopardy issue had no merit. *In re Pers. Restraint of Irish*, No. 44072-5-II (June 3, 2013) (order dismissing petition). Our Supreme Court denied review. *In re Pers. Restraint of Irish*, No. 89019-6 (June 4, 2014) (ruling denying motion for review).

In March 2015, Irish filed a third PRP. In this PRP, he argued what he framed as a sufficiency of the evidence challenge to the two second degree assault convictions. We concluded that Irish had failed to present any justification for not raising this issue in his prior PRPs and that his "sufficiency" argument was, in fact, "merely a reiteration of the double jeopardy claims raised in his prior two petitions." *In re Pers. Restraint of Irish*, No. 47352-6-II (Aug. 19, 2015) (order dismissing petition). Our Supreme Court denied review. In its ruling denying review, it agreed that Irish's "sufficiency" claim "merely restyle[d] a previously raised argument that his convictions violate double jeopardy principles," and that that issue had already been rejected and

3

had no merit. *In re Pers. Restraint of Irish*, No. 92227-6 (Mar. 18, 2016) (ruling denying motion for review).

## II. CRR 7.8 MOTION

In July 2016, more than four years after his judgment and sentence had become final following the mandate of his second appeal, Irish filed a CrR 7.8 motion in the trial court. Irish argued that under *In re the Pers. Restraint of Carle*, 93 Wn.2d 31, 604 P.2d 1293 (1980), "the [t]rial [c]ourt exceeded its statutory authority provided [in] the Robbery Statue when it entered the Second Degree Assault convictions" because the robbery and assaults were based on the same action and there is no clear legislative intent that the legislature intended to allow the assaults to increase the penalty for the robbery. Clerk's Papers (CP) at 24-25. Irish further argued that the motion was not time barred because the trial court had exceeded its statutory authority when it entered the judgment and sentence. Two months later, Irish filed a motion for default judgment on the CrR 7.8 motion.

Rather than transfer the CrR 7.8 motion to us under CrR 7.8(c)(2), the trial court denied the CrR 7.8 motion and denied the motion for default judgment. In its order, the trial court characterized Irish's argument as a reiteration of his previously raised and rejected double jeopardy claim and as an attempt to show that this double jeopardy claim rendered the judgment and sentence facially invalid. The trial court did not specifically mention the one year time bar, RCW 10.73.090, or the successive petition rule, RCW 10.73.140. Irish appeals the denial of his CrR 7.8 motion.

ANALYSIS

Under CrR 7.8(c)(2), the trial court "*shall* transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the [trial] court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing." (Emphasis added). *See also State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008).

Irish's appellate counsel and the State agree that the trial court did not have the authority to deny this CrR 7.8 as untimely. Accordingly, they both ask us to remand this matter back to the trial court so the trial court can transfer the CrR 7.8 motion to this court. In contrast, in his pro se Statement of Additional Grounds (SAG), Irish contends that the trial court did not deny the CrR 7.8 motion because it was untimely and that the trial court was therefore required to hold a hearing under CrR 7.8(3) before denying the motion. We agree with appellate counsel and the State.

Although the trial court did not specifically mention that Irish's CrR 7.8 motion was untimely, it stated that Irish was asserting that his argument established that the judgment and sentence was facially invalid. Whether a judgment and sentence is facially invalid relates to whether a CrR 7.8 motion is timely. *See* RCW 10.73.090(1) ("No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is *valid on its face* and was rendered by a court of competent jurisdiction.") (emphasis added). Thus, we agree with appellate counsel and the State that the trial court's decision rested, at least in part, on the untimeliness of the CrR 7.8 motion. Once the trial court determined that the CrR 7.8 motion was not timely, it had no choice

but to transfer the motion to this court under CrR 7.8(c)(2). Accordingly, we hold that the trial court acted without authority when it denied the CrR 7.8 motion. *Smith*, 144 Wn. App. at 863.

Furthermore, even if the trial court did not deny the CrR 7.8 motion as untimely, the trial court still did not have the authority to deny the motion. The remainder of the trial court's order suggests that the trial court also found that Irish did not make a substantial showing that he was entitled to relief because the issue he was attempting to raise had already been raised and rejected on the merits. CrR 7.8(b) provides that motions brought under CrR 7.8 are subject to RCW 10.73.140, which bars successive collateral attacks unless the person moving for collateral relief can show that he has not filed a petition on similar grounds and show good cause for why he failed to raise the new ground in the prior collateral attack. RCW 10.73.140; *see also State v. Brand*, 120 Wn.2d 365, 370, 842 P.2d 470 (1992) (holding that RCW 10.73.140 applies to CrR 7.8 motions by analogy). Because of this procedural bar, the trial court may have also denied the CrR 7.8 motion because Irish failed to make a substantial showing that he was entitled to relief. Again, once it made that decision, the trial court lacked jurisdiction to deny the CrR 7.8. CrR 7.8(c)(2).

No. 49694-1-II

Because the trial court was only authorized to transfer Irish's CrR 7.8 motion to this court under CrR 7.8(c)(2), we vacate the trial court's order denying Irish's CrR 7.8 motion and remand this matter to the trial court to transfer the motion to this court for consideration as a PRP.[1]  CrR 7.8(c)(2); *Smith*, 144 Wn. App. at 863.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

BJORGEN, C.J.

JOHANSON

---

[1] Because we reverse on this ground and hold that the trial court improperly retained jurisdiction of the CrR 7.8 motion, we do not address Irish's arguments in his SAG that he was entitled to a hearing under CrR 7.8(c)(3) or that the trial court mischaracterized his legal argument.  Once the trial court determined that the motion was time barred, no hearing was required.  *See* CrR 7.8(c)(2) ("[t]he court *shall* transfer a motion filed by a defendant to the Court of Appeals" if it determines that the motion is time barred) (emphasis added).  If this matter comes before us as a proper PRP, we will address whether Irish's legal argument is merely a restatement of his prior double jeopardy argument.