GORDON McCLOUD, J. (concurring)
*943 ¶ 17 Sentencing reform came to Washington in 1981 with the adoption of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. Its presumptive sentences and statutory guidelines for departures from those sentences were designed to make sentencing more predictable, clear, and uniform-and hence more fair-across the state.
¶ 18 This court upheld the SRA against a variety of constitutional challenges a few years later in State v . Ammons, 105 Wash.2d 175, 713 P.2d 719, 718 P.2d 796 (1986). One of the constitutional challenges considered was the fact that the legislature did not place the burden on the State to prove the constitutional validity of prior convictions used in the sentencing calculation. This court rejected that challenge; we held that "the State does not have the affirmative burden of proving the constitutional validity of a prior conviction before it can be used in a sentencing proceeding." Ammons, 105 Wash.2d at 187-88, 718 P.2d 796, 718 P.2d 796.
¶ 19 But we didn't stop there. We continued by saying that since prior convictions play such an important role in determining current sentences based on the SRA's guidelines, there were certainly ways to test the validity of those prior convictions. First, we held that "a prior conviction which has been previously determined to have been unconstitutionally obtained" cannot be used to enhance a current sentence. Id. (citing In re Pers. Restraint of Bush, 26 Wash. App. 486, 497-98, 616 P.2d 666 (1980), aff'd, 95 Wash.2d 551, 627 P.2d 953 (1981) ; United States v . Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed. 2d 592 (1972) ; Burgett v . Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319 (1967) ). Next, we held that a prior conviction "which is constitutionally invalid on its face may not be considered" in determining a current sentence. Id. Finally, we concluded by explaining, "Constitutionally invalid on its face means a conviction which without further elaboration evidences infirmities of a constitutional magnitude." Id. at 188, 713 P.2d 719, 718 P.2d 796.
¶ 20 Thus, under Ammons, sentencing courts clearly retain the power and the duty to determine whether a prior conviction is "invalid on its face" and, hence, "may not be considered." Id . at 187-88, 713 P.2d 719, 718 P.2d 796.
¶ 21 I acknowledge that Ammons focused on constitutional invalidity. But that was because that was the only challenge that was presented there.
¶ 22 The majority, however, takes this happenstance of the particular challenge that was raised in Ammons, and the Ammons discussion about how to raise such constitutional challenges, as a decision to preclude any other types of challenges. Majority at 941 ("The state argues, and we agree, that this distinction requires a defendant challenging the use of a prior conviction at sentencing to show constitutional facial invalidity, as Ammons and Irish[1 ] would suggest."). This is incorrect. The majority's decision to take challenges to the statutory invalidity of a prior conviction out of the trial court's hands not only lacks support in Ammons ; it is completely unprecedented. And it creates a ridiculous anomaly: under the majority's approach, the criminal defendant has the right to raise facial challenges to his or her prior convictions on statutory and jurisdictional grounds in a postconviction personal restraint petition, but not at the prejudgment sentencing itself. Id. ("In a collateral attack, on the other hand, facial invalidity may be statutory, constitutional, or jurisdictional." (citing In re Pers. Restraint of Coats, 173 Wash.2d 123, 135-42, 267 P.3d 324 (2011) ) ).
¶ 23 The majority also takes another unprecedented and ill-advised step in supposed reliance on Ammons. The majority holds that trial courts cannot engage in " 'statutory interpretation' " (majority at 942(quoting Suppl. Br. of Pet'r at 11) ) when presented with challenges that are clear from the face of the appropriate documents at sentencing.
¶ 24 This misreads Ammons and betrays a lack of trust in the ability of trial court judges to conduct statutory analysis. Actually, under Ammons, sentencing courts retained the power to make decisions about the *944 validity or invalidity of prior convictions when presented with the proper documents-no matter how difficult it might be to engage in such constitutional analysis. Ammons, 105 Wash.2d at 190, 713 P.2d 719, 718 P.2d 796. And since that time, we have clearly ruled that the proper documents to consider when determining the validity or invalidity of a conviction on its "face" include-at least in the most restrictive personal restraint petition (PRP) context-not just the judgment but also the information, the statement of defendant on plea of guilty, and certain other regularly filed materials. Coats, 173 Wash.2d at 139-40, 267 P.3d 324. The majority now asserts that not even these documents can be considered at the sentencing itself.
¶ 25 Ammons was designed to simplify things at sentencing. It allowed criminal defendants to challenge the validity of prior convictions used to enhance the current sentence at the sentencing itself, where the defendant was represented by a lawyer, using the "face" of the prior conviction documents.
¶ 26 The majority's decision, in contrast, is anything but simple. It directs trial court judges, at sentencing, to determine constitutional validity but not "statutory ... or jurisdictional" validity of prior convictions. It directs those judges to consider only one of the documents that a PRP judge can consider in determining the facial validity of a prior conviction but not any of the other documents that our PRP cases hold are admissible and relevant to the facial validity question. And it directs the criminal defendant who is not able to follow these confusing advisements at sentencing, with the benefit of counsel, to file his or her challenge in a PRP. PRPs, of course, occur later in the process, take time, and are proceedings at which the criminal defendant generally lacks counsel.
¶ 27 This is not the simplicity that Ammons promised. This is a complex disaster that most criminal defendants will not be able to navigate on their own. Our case law and common sense compel the conclusion that the sentencing court must be able to consider sentencing challenges that are clear from the face of prior conviction documents, including those involving statutory or constitutional analysis, at sentencing. Sentencing is the time when the criminal defendant-no matter how rich or poor-has the benefit of counsel, and the matter can be resolved expeditiously in a single proceeding.
¶ 28 In this case, however, the defendant did not provide the trial court (or this court) with sufficient documents to support his claim. He argues that he has two prior convictions for "theft of a motor vehicle" that were used against him at sentencing, that the statutory phrase "motor vehicle" does not include snowmobiles, and that two of his prior convictions were for theft of snowmobiles. But he has not provided sufficient documents to show that the prior convictions were based on theft of snowmobiles. As the Court of Appeals aptly observed, "Although Mr. Blair has submitted the information filed against him in the 2011 TMV [theft of a motor vehicle, RCW 9A.56.065 ] cases, he has not provided a plea statement form, so we do not know what facts were established in that proceeding." State v . Blair, No. 33911-4-III, slip op. at 5, 2016 WL 7015858 (Wash. Ct. App. Dec. 1, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/339114_unp.pdf.
¶ 29 I therefore respectfully concur.
Stephens, J.
Madsen, J.

State v . Irish, 173 Wash.2d 787, 272 P.3d 207 (2012).